UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND P. FLINT, Beneficiary and DAVID J. PELKEY, Executor,<br><br>        Plaintiff,<br><br>v.<br><br>STEFAN KRAUSE, CFO, DEUTSCHE BANK AG; CHARLES NOSKI, CFO, BANK OF AMERICA, N.A.; SPIKE BURLINGAME, CFO; LAWYER TITLE INSURANCE CORPORATION; ANNA A. GHAJAR, ESQ., S.B.N. 270363, MILES, BAUER, BERGSTROM & WINTERS, LLP; and DOES 1 through X; ROES 1 through X, Inclusive,<br><br>        Defendants. | Civil No.11cv0480 AJB (WMC)<br><br>ORDER GRANTING DEFENDANTS STEFAN KRAUSE AND CHARLES NOSKI'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>(Doc. No. 8) |

      Presently before the Court is Defendants Stefan Krause and Charles Noski's ("Defendants") motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). (Doc. No. 2.) The motion is unopposed. For the following reasons, the motion is **GRANTED.**

### I.

### BACKGROUND

      On or about November 20, 2009, Nancy Valentine, trustee of the Westonhill Family Trust and on behalf of Diamond P. Flint and David J. Pelkey ("Plaintiffs"), mailed a "Conditional Acceptance and Demand" ("POC") as well as an "Affidavit of Notary Presented and Certificate of Mailing" ("Affida-

vit") to Bank of America Home Loans, Recontrust Company, N.A., and Mers, Inc. with the intent to fully settle the mortgage account of the property known as 11460 Westonhill Drive, San Diego, CA 92126. (FAC at 1-6, EXHIBIT B.) Plaintiffs allege that the Defendants failed to rebut or respond to the POC and Affidavit, thus qualifying as an admission of fact to the Plaintiffs' claims. (FAC at 5, EXHIBIT B.)

Plaintiffs filed the FAC in this action (Doc. No. 2), asserting claims for damages and a quieting of title against Stefan Krause, CFO, Deutsche Bank AG; Charles Noski, CFO, Bank of America, N.A.; Spike Burlingame, CFO, Lawyer Title Insurance Corporation; Anna A. Ghajar, Esq., S.B.N. 270363, Miles, Bauer, Bergstrom & Winters, LLP; Does I through X; and Roes I through X inclusive. (FAC at 1-2.) On May 19, 2011, Defendants filed a Motion to Dismiss the First Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction pursuant to Rule 12(b)(2), insufficient service of process pursuant to Rule 12(b)(5), and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. No.8.) Plaintiffs did not respond.

## II.

## DISCUSSION

Defendants move to dismiss all claims against them for lack of subject matter jurisdiction, personal jurisdiction, insufficient service of process, and failure to state a claim. Because the Court has granted the motion based on subject matter jurisdiction, personal jurisdiction, and insufficient process, the Court will not address the 12(b)(6) arguments for failure to state a claim, as they are now moot. Defendants' motion on that basis is therefore denied as moot.

**A.     Rule 12(b)(1): Subject Matter Jurisdiction**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr,* 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *D.G. Rung Indus., Inc. v. Tinnerman,* 626 F.Supp.

1062, 1063 (W.D. Wash. 1986). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.1988), *cert. denied,* 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989); *Biotics Research Corp. v. Heckler,* 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West,* 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

There are two types of Rule 12(b)(1) motions: (1) a facial attack on subject-matter jurisdiction based solely on the allegations made in the complaint, *see Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003); or (2) a factual attack on subject-matter jurisdiction that may be based on extrinsic evidence outside of the pleadings, *see White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). A 12(b)(1) motion to dismiss based on the lack of third-party standing is a factual attack on a federal court's subject-matter jurisdiction. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). With a factual attack, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction" by presenting affidavits or other evidence supporting his motion. *Safe Air For Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, Defendants argue that Plaintiffs' claims failed to establish any valid basis for federal subject matter jurisdiction. Plaintiffs have the burden of proof to show jurisdiction exists. *Stock West,* 873 F.2d at 1225; *Thornhill Publishing Co., Inc.,* 594 F.2d at 733. Defendants argue that the Plaintiffs do not show that this is a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Defendants further state that the Plaintiffs do not show complete diversity of citizenship of the parties exists to satisfy the jurisdictional basis of 28 U.S.C. § 1332. Moreover, Defendants argue that the Plaintiffs' attempt to establish jurisdiction through use of the postal service, "right to use of habeas corpus per California Constitution," and rights to property fail to state sufficient facts or legal support to give rise to federal subject matter jurisdiction.

Plaintiffs assert federal subject matter jurisdiction based on numerous theories, including: residency, place of business, use of the postal service, claims upon property, property rights, the State of California's refusal of the Plaintiffs' remedy of the right of a writ of habeas corpus, and violations of the Security Exchange Commission. The Plaintiffs, however, fail to explain how such theories apply before coming to a legal conclusion that such claims are "rights clearly within the federal jurisdiction." (FAC at 3.) Plaintiffs have failed to indicate any federal law that may bring the claims under the jurisdiction of this Court. They have also failed to offer any evidence of their own citizenship or the citizenship of the Defendants. Plaintiffs' vague and conclusory allegations fail to meet the burden of proof needed to show that jurisdiction exists. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' claims as to lack of subject matter jurisdiction.

**B.    Rule 12(b)(2): Personal Jurisdiction**

Plaintiffs have also failed to demonstrate personal jurisdiction. Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a claim for lack of personal jurisdiction over the person. When a "defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When a district court rules on a defendant's motion to dismiss based on only pleadings, the plaintiff only needs to make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Data Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1997); *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In other words, the plaintiff only needs to demonstrate facts that, if true, would support jurisdiction over the defendant. *Ballard*, 65 F.3d at 1498. However, the allegations must not be conclusory, but must allege specific acts connecting the defendant with the forum. *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208 n.5 (9th Cir. 1980).

Here, Defendants argue that Plaintiffs have failed to allege any facts establishing Defendants' residency, systematic or continuous contacts with California, or purposeful availment in California. Because Defendants have moved to dismiss the FAC for lack of personal jurisdiction, Plaintiffs bear the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 800.

Plaintiffs' FAC fails to allege sufficient facts in the pleadings to establish general or specific jurisdiction. Plaintiffs make vague and conclusory allegations throughout the FAC without ever referencing Krause or Noski by name, or their alleged conduct. Furthermore, Plaintiffs now bear the burden of demonstrating that jurisdiction is appropriate because Defendants have moved to dismiss the FAC for lack of personal jurisdiction. (Doc. 8.) Plaintiffs have failed to respond to the Defendants' motion and have yet to make a prima facie showing of facts supporting the exercise of personal jurisdiction. Accordingly, the Court grants Defendants' motion to dismiss as to lack of personal jurisdiction.

**C.     Rule 12(b)(5): Improper Service**

In addition to their jurisdictional arguments, Defendants assert insufficient service of process. Where a defendant challenges the method of service of process under Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004) (citing *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 538 (9th Cir. 1986)). Where factual issues are presented on a motion under Rule 12(b)(5), the court may hear evidence and determine the facts. *Old Republic Ins. Co. v. Pacific Financial Svcs.,* 301 F.3d 54, 57 (2d Cir. 2002).

Here, Defendants argue that the Plaintiffs' service and proof of service were defective. Service upon an individual may be made by following state law for serving a summons where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Service upon an individual may also be made by delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

Plaintiffs provided evidence showing that notice was made by USPS certified mail to the corporate addresses of the Defendants' respective employers. Such service by mail fails to meet the Federal Rules requirements of service of process. Fed. R. Civ. P. 4(e)(2). The mailing also fails to meet the California Code of Civil Procedure Section 415.20(b) requiring a copy of the summons and complaint be left in the Defendants' office or usual mailing address, and then followed by a first-class

mailing with postage prepaid to the person to be served at the place where the summons and complaint were left. Plaintiffs also failed to provide service under California Code of Civil Procedure Section 415.40, allowing a plaintiff to serve an out-of-state defendant by sending a copy of the summons and complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Furthermore, the proof of service does not meet the standards set forth by California Code of Civil Procedure Section 417.10(a), requiring an affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with Section 415.20 or evidence satisfactory to establish actual delivery to an out of state person served, by a signed return receipt or other evidence under §412.20(a). Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' claim for insufficient service of process.

## IV.
## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. Plaintiffs have thirty (30) days to submit an amended Complaint correcting the deficiencies noted in this Order. Failure to do so will result in the Court's dismissal of this case.

IT IS SO ORDERED.

DATED: October 5, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge